

DAFNEY DUBUISSON STOKES
Member of NY, NJ, and PA Bars

dstokes@wongfleming.com

April 6, 2021

**VIA ELECTRONIC CASE FILING**
Honorable Katherine S. Hayden, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:   **KeyBank National Association v. Direct Building Products Corp., et al.**
>       Civil Action No. 2:20-mc-00170-KSH

Dear Judge Hayden:

This firm represents KeyBank National Association ("Plaintiff") in the above-referenced matters, and pursuant to Local Civ. R. 37.1(a)(1), respectfully submits this pre-motion letter to compel Direct Building Products Corp. ("Defendant") to (1) provide full and complete responses to post-judgment interrogatories; (2) produce a corporate representative for deposition, in accordance with Fed. R. Civ. P. 30(b)(6); and (3) produce certain documents responsive to Plaintiff's request for production annexed to its Notice of Deposition. Plaintiff has engaged in diligent, good faith efforts to schedule the deposition and resolve this matter without court intervention, to no avail. Plaintiff now petitions the court for relief.

On or about November 3, 2020, Plaintiff served Defendant with Post-Judgment Interrogatories, responses were due by November 17, 2020. (*See* Exhibit A annexed hereto).  No such responses were received.  In light of Defendant's unresponsiveness to the post-judgment interrogatories, on or about November 24, 2020, Plaintiff, through counsel, sent its first email correspondence to counsel for Defendant in an attempt to schedule a deposition, in accordance with Plaintiff's rights under Fed. R. Civ. P. 69.  (*See* Exhibit B annexed hereto).  Receiving no response to the request for Defendant's availability, counsel sent follow-up correspondence on December 3, 2020 and December 8, 2020. (*See* Exhibit C annexed hereto).

In the December 8, 2020 email, counsel for Defendant was notified that if no response was received, the deposition of his client would be noticed. On or about February 1, 2021, Plaintiff received email correspondence from counsel requested to adjourn the deposition until counsel had an opportunity to confer with his client; Plaintiff agreed to adjourn the deposition, but requested Defendant provide a firm date on which they would be available for deposition.  (*See* Exhibit D annexed hereto).  Hearing nothing from the defendant, on or about February 16, 2021, Plaintiff

821 ALEXANDER ROAD, SUITE 200  •  P.O. BOX 3663  •  PRINCETON, NJ 08543-3663
TEL: (609) 951-9520  •  FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA  ◆  DISTRICT OF COLUMBIA  ◆  FLORIDA   GEORGIA  ◆  IDAHO  ◆  INDIANA  ◆  MARYLAND
MICHIGAN  ◆  NEVADA  ◆  NEW JERSEY  ◆  NEW YORK  ◆  OREGON  ◆  PENNSYLVANIA  ◆  TEXAS  ◆  WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



noticed a new deposition date of March 1, 2021, and by email correspondence on February 19, 2021 requested the counsel make his client available on that date. (*See* Exhibit E annexed hereto).

On March 1, 2021, counsel for Plaintiff appeared for the noticed remote deposition; Defendants did not appear. Email correspondence was exchanged between the parties regarding the defendant's nonappearance. (*See* Exhibit F annexed hereto). Plaintiff's counsel entered the nonappearance on the record. (*See* Exhibit G annexed hereto).

Fed. R. Civ. P. 37(a)(3)(B) permits a party to compel discovery if a "deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . ." Fed. R. Civ. P. 37(a)(3)(B). Motions to compel, pursuant to Fed. R. Civ. P. 37, are left to the sound discretion of the court. *See United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). "The purpose of discovery is to provide a mechanism for making relevant information available to litigants[,]" and as such, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26. Moreover, Fed. R. Civ. P. 69 provides that "in aid of judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules . . . ." *Id.*

"[T]he rules governing discovery in postjudgment execution proceedings are quite permissive." *United States v. Chazen*, 2019 U.S. Dist. LEXIS 1382, at *4 (D.N.J. Jan. 4, 2019) (quoting *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). Pursuant to this Rule, a judgment creditor, like Plaintiff, is permitted to make "a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Haiying Xi v. Shengchun Lu*, 804 Fed. Appx. 170, 173 (3d Cir. 2020). "If the judgment debtor or third party does not respond to discovery demands, a plaintiff is entitled to move for an order compelling a response, as permitted under Rules 5(b), 30(a), and 37, after a good faith attempt to confer with the party failing to comply." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07-cv-3219, 2012 U.S. Dist. LEXIS 72897 at *10-11; *see* Fed. R. Civ. P. 37(a)(1).

As shown, Plaintiff, in accordance with Rule 69, made repeated requests to schedule Defendant's deposition. Depositions are necessary to determine financial information relating to Defendant's business in furtherance of Plaintiff's right of execution upon the duly entered judgment. Plaintiff has demonstrated patience and a willingness to work with Defendant to schedule a deposition at a time that was convenient for Defendant and their representative. Despite this, Defendant has refused to cooperate. In the time that has passed between the date of the noticed examination and the filing of this pre-motion letter (36 days), counsel for Defendant has not provided any additional dates or otherwise communicated an intention to promptly reschedule as was promised in his March 1, 2021 email.

Therefore, Plaintiff, KeyBank National Association respectfully requests this Court schedule a pre-motion conference in anticipation of Plaintiff's motion to compel.

Respectfully submitted,

**WONG FLEMING**

WONG FLEMING
ATTORNEYS AT LAW

/s/ Dafney Dubuisson Stokes
Dafney Dubuisson Stokes, Esq.

Enclosures
DCF/DDS/DEP
File no. 2169.0623

cc:     All counsel (via ECF)