# EXHIBIT A



DANIEL C. FLEMING
Member of NY, NJ, PA, OH, DC, MD, and CA Bars

dfleming@wongfleming.com

November 3, 2020

**VIA FIRST CLASS AND CERTIFIED MAIL, RRR**
Direct Building Products Corp.
61 Ramapo Valley Road
Mahwah, NJ 07430

Re:   **KeyBank National Association v. Direct Building Products Corp., et al.**
Civil Action No. 2:20-mc-00170-KSH

Dear Direct Building Products Corp.,

This firm represents Plaintiff/Judgment Creditor, KeyBank National Association, in connection with the above captioned matter.

Enclosed for service upon you, please find one a copy of the Post-Judgment Interrogatories. Kindly provide your full and complete responses in the enclosed, stamped, self-addressed envelope within fourteen (14) days, as required by New Jersey law.

Thank you for your immediate attention to the foregoing and your anticipated compliance.

Very truly yours,

WONG FLEMING

*s/ Daniel C. Fleming*
Daniel C. Fleming, Esq.

Enclosures
DCF/DP
File no. 21690623

821 ALEXANDER ROAD, SUITE 200  ♦  P.O. BOX 3663  ♦  PRINCETON, NJ 08543-3663
TEL: (609) 951-9520  ♦  FAX: (609) 951-0270
WWW.WONGFLEMING.COM

CALIFORNIA  ♦  DISTRICT OF COLUMBIA  ♦  FLORIDA  ♦  GEORGIA  ♦  IDAHO  ♦  INDIANA  ♦  MARYLAND
MICHIGAN  ♦  NEVADA  ♦  NEW JERSEY  ♦  NEW YORK  ♦  OREGON  ♦  PENNSYLVANIA  ♦  TEXAS  ♦  WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

Daniel C. Fleming (NJ Bar No. 18631986)
**WONG FLEMING**
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
(609) 951-9520
dfleming@wongfleming.com
*Attorneys for KeyBank National Association*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT BUILDING PRODUCTS CORP., and YOEL DEEN, <br><br> Defendants. | Civil Action No. 2:20-mc-00170-KSH <br><br> **POST-JUDGMENT INTERROGATORIES** |

To:  Direct Building Products Corp.
     61 Ramapo Valley Road
     Mahwah, NJ 07430

**PLEASE TAKE NOTICE** that, Plaintiff KeyBank National Association ("KeyBank"), pursuant to Federal Rule of Civil Procedure 69 and the New Jersey Rules of Civil Procedure 6:7-2, hereby demands Defendant Direct Building Products Corp. ("Direct Building") answer these Interrogatories separately and fully in writing, under oath, and serve a copy of the responses within fourteen (14) days of service upon Plaintiff's counsel, Wong Fleming, P.C.

Dated: November 3, 2020                         **WONG FLEMING**

                                                *s/ Daniel C. Fleming*
                                                Daniel C. Fleming, Esq.
                                                *Attorneys for Plaintiff*
                                                *KeyBank National Association*

## INSTRUCTIONS AND DEFINITIONS

1. When answering these Interrogatories, provide all information available to you, regardless of whether or not it is actually in your personal possession. This includes, but is not limited to, information possessed by your attorneys, agents, employees or representatives.

2. Answer each interrogatory in full, unless you have a legal objection to the interrogatory or you do not have access to all information necessary to provide a complete answer.

3. If you do not have access to all information necessary to provide a complete answer to an interrogatory, state that the answer is incomplete, provide the most complete answer that you can and state the specific reason(s) you cannot provide a complete answer.

4. Answer each interrogatory separately, except where the context of the question permits an answer by reference to your answer to another interrogatory, in which case you should specifically state which portions of which other answers are included by reference.

5. Each response to these Interrogatories should identify which Defendants are and are not bound by that response and a separate certification as to the truthfulness of the response by each separate defendant should be executed and supplied.

6. Each interrogatory constitutes a continuing request for information. If, between the time you serve your answers and the time of trial, you or your attorneys obtain additional information responsive to any interrogatory, you must provide a supplemental answer to that interrogatory.

7. If you have a legal objection to the interrogatory, state the specific reason(s) for your objection.

8. In the event you wish to assert a legal privilege as to any information requested, you must provide a privilege log that does the following:

   a. Identifies the particular matter as to which a privilege is claimed.

   b. States the type of privilege asserted and the factual and legal basis for its assertion.

   c. Identifies the author of the document and who saw, received, was given copies of or had access to the information, whether in written or oral form, or any copy or summary of the information. You must also supply the name, address and position, with any defendant or entity, of that person and the reason that person came into contact with the information.

   d. States the subject matter of the information with sufficient detail so that a court could determine if a privilege is applicable.

    e. States the length of the document.

    f. If attorney-client privilege is claimed, identifies who is the attorney and who is the client.

9. The terms "describe," "describe in detail" or "state with particularity" mean to provide a complete factual summary. The summary should be in chronological order and describe all the facts, persons with knowledge, documents and oral statements and communications that relate to the subject matter of the interrogatory.

10. The term "You", "Your" or "Judgment Debtor" refers to **Direct Building Products Corp.**

11. The term "document" means any original, earlier draft and any nonidentical copy of any writing, drawing, graph, chart, photograph, tape, electronic videotape, film, phonographic recording, email, computer software or other data compilation from which information can be obtained or which you have knowledge or information of, or which is in your possession, custody or control or subject to your right of custody or control. If an original or an "original" nonidentical copy of a document is not available, the term "document" also means and includes identical copies of such originals and nonidentical copies. Additionally, the term "document" includes information stored on magnetic tape, disks, and memory; documents that have been deleted but can be recovered from magnetic tape, disks, or memory; documents that have been backed up on magnetic tape, disks, or memory; and electronic documents stored off-site.

12. The term "identify," when used with the below listed terms, is a request to provide the following information:

    a. Natural persons: State their full name, title and job description if applicable, and their present or last known business and home addresses and telephone numbers.

    b. Documents: State their general nature (e.g., letter, memorandum, report), date, author(s), addressee(s), title, custodian and substance.

    c. Oral statements and communications: State their general nature or medium (e.g., face-to-face conversation, telephone call) date, place, speaker(s), listener(s), and other persons present and describe the content with specificity.

13. The terms "person" or "persons" include natural persons, firms, partnerships, associations, joint ventures, corporations and other entities.

14. The term "bank accounts" include checking accounts, savings accounts, certificates of deposit, cash in hand or held by another, or any other type of account containing currency.

15. The term "financial institution," means any bank; savings and loan association; credit union; brokerage firm; discount brokerage firm; insurance company; mortgage company; individual investment consultant or financial consultant; or any other sales entity which is engaged in the investment buy(s), sale(s) (including short sale of stock), exchange(s), gifts(s) or transfer(s) of any security investment governed by the Securities and Exchange Commission -including, but not limited to, the sale of stocks, bonds, commodities, futures, penny stocks, mutual funds, unit investment trust, limited partnerships, money market accounts, certificates of deposit, checking account, interest-bearing checking account, or savings account.

16. The terms "or" and "and" also mean "and/or."

17. The term "including" means including, but not by way of limitation.

18. The term "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning or referring to, directly or indirectly.

19. The term "all documents" means every document, whether an original, copy or draft, as defined above, known to the defendant and every such document which can be located or discovered by reasonably diligent efforts.

20. The term "possession, custody or control" means possession, custody or control or right to possession, custody or control by you, including, as applicable, any of your divisions, departments, branches, and other subdivisions, domestic and foreign, subsidiaries, domestic and foreign joint ventures, whether or not incorporated, domestic and foreign affiliates, predecessors in interest, present and former officials, executives, officers, employees, agents, attorneys, and all other persons acting or purporting to act on your behalf, or on behalf of your divisions, departments, branches, subdivisions, subsidiaries, joint ventures, affiliates or predecessors in interest.

## INTERROGATORIES AS TO DIRECT BUILDING PRODUCTS CORP.

1. Identify the person signing these Interrogatories on behalf of Judgment Debtor, the person's representative capacity and the reason they are authorized to execute these interrogatories on Judgment Debtor's behalf.

2. Identify all persons who assisted in the preparation of these answers to Interrogatories.

3. State the name of business including all trade names.

4. State the address of all business locations.

5. If the Judgment Debtor is a limited liability company, identify the name(s) and address(es) of all members.

6. Set forth in detail the name, address and telephone number of all businesses in which the principals of the Judgment Debtor now have an interest and set forth the nature of the interest.

7.  For all bank accounts (checking, savings, or other financial accounts) of the Judgment Debtor, list the (a) name of the bank, (b) the bank's address, (c) the account number, (d) the name in which the account is held and (e) the amount in each account. If the Judgment Debtor maintains any of these jointly with another person, give that person's name and address.

8.  **SAFETY DEPOSIT BOXES**: State whether or not the Judgment Debtor maintains any safety deposit boxes. If so, include the name of the institution, branch or branches, and the identification number or other designation of the box or boxes. Include a full description of the contents and the amount of cash among those contents. If the Judgment Debtor maintains any of these jointly with another person, give that person's full name and address.

9.  Specifically state the present location of all books and records on the business, including checkbooks.

10. State the name and address of the person(s) or entity(ies) who prepare, maintain, and/or control the business records, checkbooks.

11. List all physical assets of the business and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

12. **REAL ESTATE**: Does the Judgment Debtor have an ownership interest in any real estate anywhere in the United States? If so, set forth a brief description thereof. Include the structure and lot size and type of construction; the location, including the state, county, and municipality; the volume and page number of the official record thereof; and state whether the Judgment Debtor owns it solely or together with any other person or persons and give their full names and addresses. Supply the current value of the properties and the basis for the valuation (estimate, tax assessment, appraisal, etc.). If any of the above properties are mortgaged, supply the names and addresses of the lenders, the date and amount of the mortgage, where it is recorded, the monthly payments, and the balance now due. Also, supply the purchase date, purchase price, and the name of the party from whom the property was purchased.

13. **TRANSFERS OF REAL ESTATE**: In the six years preceding the date of these Interrogatories, has the Judgment Debtor transferred any real property either by sale, gift, exchange, or otherwise? If so, please give a description of the property so transferred, the method or manner of transfer, the name of the person, firm, or other entity to whom transferred, the consideration or amount received by the Judgment Debtor, and the time and place of the transfer.

14. **TRANSFERRED ASSETS AND GIFTS**: If, in the preceding six years, the Judgment Debtor has transferred any assets (real property, personal property, chose in action), not covered by the previous interrogatory, to any person, and/or, if the Judgment Debtor has given any gift valued at more than $250.00, of any asset, including money, to any person, set forth, in detail, a description of the property, the type of transaction, and the name and address of the transferee or recipient

15. **AGREEMENTS**: State whether the Judgment Debtor has any agreements involving the purchase of any real estate anywhere in the United States. If so, state with whom this agreement is made, and state whether or not any persons are joined with the Judgment Debtor in the agreement. Supply full names and addresses of all parties concerned. If the agreement is recorded, provide the state and county of recordation, with volume and page numbers.

16.     **ACCOUNTS RECEIVABLE, DEBTS, NOTES, & JUDGMENTS**: State the names and addresses of any and all persons whom the Judgment Debtor believes owes the Judgment Debtor money, and set forth in detail the amount of money owed, the terms of payment, and whether or not the Judgment Debtor has written evidence of this indebtedness, and if so, the location thereof. Also, state whether the matter is in litigation, and if so, give full details. If the Judgment Debtor holds mortgages or judgments as security for any of these debts, state where and when such was recorded or entered, and the county, book, page number, and term where recorded. If the Judgment Debtor holds this judgment or mortgage jointly with any other person or persons, give their name and address.

17.     **INSURANCE**: State whether or not the Judgment Debtor is the owner of any life insurance contracts. If so, state the persons whose lives are insured, the serial or policy number or numbers of the contracts, the face amount, the exact name and address of the insurance companies, the named beneficiary or beneficiaries, and the beneficiary's present address. If the Judgment Debtor owns this insurance jointly with any other person or persons, give that person's name and address. State whether such policies are term, whole life, or some other type of policy. State also whether such policies have any cash value and whether there exist any loans against such policies and, if so, state all amounts.

18.     **GOVERNMENT, MUNICIPAL, OR CORPORATE BONDS**: State whether or not the Judgment Debtor owns individually or jointly any corporate or governmental bonds. If so, include the face amount, serial numbers, and maturity dates and state the present location thereof. If the Judgment Debtor owns any of these bonds jointly with any other person or persons, give that person's name and address.

19.     **HARES OR INTEREST**: State whether or not the Judgment Debtor owns any stocks, shares, or interest in any corporation or unincorporated association or partnership interest, limited or general, and state the location thereof. Include the names and addresses of the organizations and the serial numbers of the shares or stocks. If the Judgment Debtor owns any of the stocks, shares, or interest jointly with any other person or persons, give that person's name and address.

20. **PERSONAL PROPERTY**: State whether or not the Judgment Debtor owns any personal property. Include a full description of all machinery, equipment, inventory, furniture, fixtures, furnishings, and any other items of personal property with full description, giving full value and present location. State also whether or not there are any encumbrances or liens on that property and, if so, the name and address of the encumbrance or lien holder, the present balance owing on that encumbrance, and the transaction that gave rise to the existence of the encumbrance. State where and when the encumbrance or lien was recorded. If the Judgment Debtor owns any personal property jointly with any other person or persons, give that person's name and address.

21. **RENTED PROPERTY**: Is any of the property of the Judgment Debtor rented to, leased to, or otherwise in possession of a third person? If so, give a full description of the property and state the name and address of the person, firm, or other entity who has possession of the property, the circumstances and reason why the property is in the possession of the third person, the consideration or payment received by the Judgment Debtor, and the name and address of the person who receives the rents or other consideration on behalf of the Judgment Debtor.

22. **MOTOR VEHICLES**: State whether or not the Judgment Debtor owns or has any rights in any motor vehicles. Include a full description of each motor vehicle including color, model, title number, serial number, and registration plate number. Also, show the name or names in which each motor vehicle is registered, the present value of each motor vehicle, and each vehicle's present location and place of regular storage, garaging, or parking. State also whether or not there are any encumbrances on those motor vehicles and, if so, the name and address of the encumbrance holder, the date of the encumbrance, the original amount of that encumbrance, the present balance of the encumbrance, and the transaction that gave rise to the existence of the encumbrance. If not owned, state the extent of the Judgment Debtor's rights in and to such vehicles.

23. If the Judgment Debtor is an entity, state the Judgment Debtor's federal tax identification number and date of creation.

24. **STRUCTURE AND RELATIONSHIPS**: State the name, title and home address of each of Judgment Debtor's trustees, as well as any beneficiaries holding an interest in any property owned by Judgment Debtor. If the Judgment Debtor has an ownership interest, possession, or any other interest in any business entities that are not disclosed in the preceding interrogatories, please set forth all details concerning those interests.

25. If the business is alleged to be no longer active, set forth:
    a. The date of cessation;
    b. All assets as of the date of cessation;
    c. The present location of those assets;
    d. If the assets were sold or transferred, set forth:
        i. The nature of the assets;
        ii. Date of transfer;
        iii. Name and address of the person(s) or entity(ies) to whom the assets were transferred;
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets:

26. Set forth all other judgments that You are aware of that have been entered against You and include: (a) creditor's name; (b) creditor's attorney; (c) amount due; (d) name of court; and (e) court docket number.

27. For all litigation in which MSS Enterprises is presently involved, state: (a) date litigation commenced; (b) name of party who started the litigation; (c) nature of the action; (d) names of all parties, and the names, addresses, and telephone numbers of their attorneys; (e) trial date, if any; (f) status of case; and (g) name of court and docket number.

28. **OTHER ASSETS**: If the Judgment Debtor has an ownership interest, possession, or any other interest in any assets, claims, or accounts receivables that are not disclosed in the preceding interrogatories, please set forth all details concerning those interests.

29. **RELATED DOCUMENTS**: To the extent that your answers to any of the above interrogatories depend in whole or in part on documents, account records, other papers, or electronic data, describe each in exact detail (or attach a copy of the same).

Return to:   WONG FLEMING, P.C.
Daniel C. Fleming, Esq.
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
Tel: (609) 951-9520
Fax: (609) 951-0270
dfleming@wongfleming.com

## CERTIFICATION

I, _____, certify that the facts set forth in the foregoing statements made by me are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

_____
Signature

Date: _____