# EXHIBIT E

## Danielle Pierre

| | |
|---|---|
| **From:** | Danielle Pierre |
| **Sent:** | Friday, February 19, 2021 3:06 PM |
| **To:** | 'Sheldon Gopstein' |
| **Cc:** | Dafney Stokes; Tabitha Luc |
| **Subject:** | RE: KeyBank v. Direct Building |
| **Attachments:** | 2021.02.16 Sent - Deposition Notices.pdf |

Mr. Gopstein,

I have tried a number of times, in good faith, to work with you to schedule your client's deposition, to no avail. As of February 16, 2021, we mailed the attached Notice to your office with Zoom instructions for the deposition of your client, to take place on March 1, 2021. Please make your client available. If no one appears, we will move for contempt. My client has a right to enforce and recover upon the Judgment entered in its favor.


Thank you,
Danielle



**Danielle Pierre** | Associate | Wong Fleming

821 Alexander Road, Suite 200   |   Princeton, NJ 08540
Phone: 609.951.9520   |   Fax: 609.951.0270

www.wongfleming.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED

**From:** Sheldon Gopstein <sg@gopsteinlaw.com>
**Sent:** Monday, February 1, 2021 4:05 PM
**To:** Danielle Pierre <DPierre@wongfleming.com>
**Cc:** Dafney Stokes <dstokes@wongfleming.com>; Tabitha Luc <tluc@wongfleming.com>
**Subject:** RE: KeyBank v. Direct Building

Danielle –
I have not spoken with this client in quite a while.  I do not represent Mr. Deen.  Let me reach out and get a status on this matter.  Can you adjourn your notice for a few weeks until we sort this out?  Thank you.

Daniel C. Fleming (NJ Bar No. 18631986)
**WONG FLEMING**
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
(609) 951-9520
dfleming@wongfleming.com
*Attorneys for KeyBank National Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) ) ) Civil Action No. 2:20-mc-00170-KSH |
| Plaintiff, | ) ) |
| v. | ) **NOTICE OF DEPOSITION BY** ) **ELECTRONIC MEANS AND REQUEST** ) **FOR PRODUCTION OF DOCUMENTS** |
| DIRECT BUILDING PRODUCTS CORP., and YOEL DEEN, | ) ) ) |
| Defendants. | ) ) |

To: Direct Building Products Corp.
c/o Sheldon Gopstein, Esq.
2 Park Avenue, 20th Floor
New York, NY 10016
*Attorneys for Direct Building Products Corp.*

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 69, Plaintiff KeyBank National Association ("KeyBank"), will take the deposition of Defendant/Judgment Debtor Direct Building Products Corp., on **Tuesday, March 2, 2021 at 10:00 a.m.** The deposition will be taken remotely by electronic means, due to the COVID-19 outbreak. If said deposition is not completed on the date set forth herein, the taking thereof shall continue from day to day thereafter, at the same place, Sundays and holidays excluded, until complete. The deposition will be accessible via the following Trustpoint link: https://trustpoint-

one.zoom.us/j/98638720937?pwd=QzM1b1loUTVna0pwNE1XZ0FvM0NnUT09; the meeting ID is 986 3872 0937, and the passcode is 050344.

PLEASE TAKE FURTHER NOTICE, that

1. KeyBank reserves the right to conduct this deposition utilizing the secure web-based deposition afforded by Trustpoint or in the alternative video teleconferencing services offered by Trustpoint ("Remote Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via that internet and/or telephone;

2. The court reporter will also be remote via one of the options above for the purpose of reporting the proceeding and will not be in the presence of the deponent;

3. Counsel for the parties and their clients will be participating from various, separate locations;

4. The court reporter will administer the oath to the deponent remotely;

5. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7. All exhibits will be provided simultaneously and electronically to the deponent and all participants;

8. The deposition may be recorded electronically; and

9. We also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

PLEASE TAKE FURTHER NOTICE, that pursuant to Federal Rule of Civil Procedure 34, the deponent is to produce the documents identified in <u>Schedule A</u> of this notice at least five (5) days prior to the deposition to the undersigned counsel.

Dated: February 16, 2021 **WONG FLEMING**

*s/ Daniel C. Fleming*
Daniel C. Fleming, Esq.
*Attorneys for Plaintiff*
*KeyBank National Association*

## **SCHEDULE A**

## DEFINITIONS

      A.      "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees.

      B.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

      C.      "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

      D.      "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

      E.      "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

      F.      "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

      G.      "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does

business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H. "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I. The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

J. For purposes of the Rule, a statement includes:

(1) A written statement, signed or otherwise adopted or approved by the person making it, or

(2) A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

REQUESTS
**As to Direct Building Products Corp.**

1. All books, records, logs, journals, checkbooks, canceled checks, notes, statements, or any other documents reflecting deposits, withdrawals and balance of any checking account, savings account, certificate of deposit, credit card account or line of credit in which you, Direct Building Products Corp. ("Direct Building"), have or have had any interest.

2. All deeds, contracts for deed, partnership agreements, limited partnership agreements, contracts for purchase or sale of real property, leases, books, records, journals, logs, notes, mortgages, appraisals or other documents reflecting the existence or value of any interest of any nature held by you, Direct Building, in any real property or fixtures, including records and documents of any conveyance or transfer of any interest in real property made by Direct Building.

3. All mortgages or any other documents reflecting any security interest of any party in any interest in real property held by you, Direct Building, or with other parties.

4. All certificates of title, bills of sale, invoices, correspondence, certificates of authenticity, or other documents reflecting ownership or other interests held by you, Direct Building, or with other parties, in any motor vehicle, fixtures, furniture, or other article of personal property.

5. All stocks, bonds, coupons, promissory notes, mortgages, savings bonds, treasury bills, or other securities owned by you, Direct Building, or in which you have any interest other parties, together with all correspondence, notes, memoranda, books, records or any other documents reflecting ownership or value of any interest held in any of the foregoing by Direct Building or with other parties.

6. All books, records, journals, ledgers, federal or state income tax returns, IRS Forms W-2, 1099 or K-l, payroll check stubs, or any other documents reflecting salaries, bonuses, compensation, distributions or income received by Direct Building since 2016.

7. All books, records, stock certificates, correspondence, notes, memoranda or other information relating to any ownership interest held by you in any business.

8. All corporate tax returns which Direct Building has filed since 2016.

9. All security agreements, pledge agreements and other documents evidencing security interests in and personal property, choses in action, intangibles, and accounts receivable owned by Direct Building.

10. All notices of commencement, construction contracts, architects' contracts or subcontracts relating to improvements to real property owned by Direct Building.

11. Copies of all financial statements or balance sheets prepared by Direct Building or on its behalf.

12. All insurance policies entered into and any documents concerning such policies, insuring against liens to any property owned by Direct Building.

13. All documents reflecting outstanding accounts receivable that third parties are obligated to pay to Direct Building.

14. All documents reflecting safe deposit boxes currently rented by or accessible to Direct Building.

15. All documents reflecting court proceedings, including lawsuits, bankruptcies, estate proceedings or other matters, to which Direct Building is or has been a party.

16. All documents regarding any entity in which Direct Building has or had an ownership interest.